IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RUSSELL A. DREWREY                           PLAINTIFF

V.                                        CASE NO.:    2:17cv20

PORTSMOUTH PUBLIC SCHOOLS,
                 DEFENDANT

ELIE BRACY, III, Ed.D, INDIVIDUALLY and in his
capacity as PORTSMOUTH CITY SCHOOLS DIVISION
SUPERINTENDENT,
                 DEFENDANT

JAMES E. BRIDGEFORD, INDIVIDUALLY and in his
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
                 DEFENDANT

REV. JOSEPH A. FLEMING, INDIVIDUALLY and in his
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
                 DEFENDANT

SARAH DUNCAN HINDS, INDIVIDUALLY and in her
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
                 DEFENDANT

TED I. LAMB, INDIVIDUALLY and in his
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
                 DEFENDANT

B. KEITH NANCE, SR., INDIVIDUALLY and in his
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
                 DEFENDANT

CLAUDE C. PARENT, INDIVIDUALLY and in his
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
                 DEFENDANT

REV. CARDELL C. PATILLO, INDIVIDUALLY and in his
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
                 DEFENDANT

DR. INGRID WHITAKER, INDIVIDUALLY and in her

capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
DEFENDANT

COSTELLA B. WILLIAMS, INDIVIDUALLY and in his
capacity as PORTSMOUTH SCHOOL BOARD MEMBER,
DEFENDANT

## COMPLAINT

COMES NOW RUSSELL A. DREWREY, Plaintiff in the above-styled and numbered cause, by and through his attorneys, and files this his Complaint against Defendant, PORTSMOUTH PUBLIC SCHOOLS, ELIE BRACY, III, JAMES E. BRIDGEFORD, JOSEPH A. FLEMING, SARAH DUNCAN HINDS, TED I. LAMB, B. KEITH NANCE, SR., CLAUDE C. PARENT, CARDELL C. PATILLO, INGRID P. WHITAKER, AND COSTELLA B. WILLIAMS and in support thereof would show unto the Court the following matters and facts:

### JURISDICTION, VENUE AND EXHAUSTION OF REMEDIES

1. This is an action for damages based on an unlawful employment practice committed by Defendant, PORTSMOUTH PUBLIC SCHOOLS, and jurisdiction of this Court is invoked pursuant to the provisions of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5(b)) and Title 29 of the Age Discrimination in Employment Act of 1967, § 623 (a) (1), (2), and (3) and (§ 623 (b).

2. The claims asserted in this Complaint arose in this District and Division. Plaintiff is a citizen of the United States, and was a resident of the City of Chesapeake, State of Virginia, during the course of his employment with Defendant.

3. Portsmouth Public Schools is a duly created entity under state law organized and existing under the laws of the state of Virginia, with its principal office located at 801 Crawford Street, Third floor, Portsmouth, Virginia 23704-3822 and the remaining Defendants are responsible for the supervision, management, and oversight of all aspects of the Portsmouth Public Schools. Portsmouth Public Schools is an employer within the meaning of 29 USC § 630(b).

4. Plaintiff brings this action pursuant to the provisions of Title 29 of the Age Discrimination in Employment Act of 1967, § 623 (a) (1), (2), and (3) and (§ 623 (b), for damages to compensate him for the economic loss and other damages caused by Defendant's unlawful employment practice committed against Plaintiff because Plaintiff was over the age of forty (40). Plaintiff was hired by Defendant on or about July 1, 1996, and began work for Defendant on or about August 1, 1996.

5.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 15, 2016, charging Defendant with specific acts of discrimination thus complying with 29 USC§ 626.

6.   On August 15, 2016, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) at Norfolk, Virginia.

7.   On October 19, 2016, the EEOC provided the Notice of Suit to Plaintiff and Defendant through Defendant's Human Resource Director, Scott Zieglar.

## FACTS

8.   Plaintiff was employed in the Portsmouth Public Schools at New Direction Center, an alternative school of Defendant, as a Teacher. Plaintiff also served as Acting Administrator/Principal and Assistant Administrator/Principal on September 28, 2015.

9.   Plaintiff was told by Portsmouth Public School Management that he was to be assigned to New Direction as an Assistant Principal/Administrator on September 28, 2015.

10.   Plaintiff performed the duties of an Assistant Principal/Administrator and an Acting Principal/Administrator during the Principal/Administrator's absence beginning of September 28, 2015.

11.   Portsmouth Public Schools management routinely directed Plaintiff through email correspondence and verbal directions to perform duties reserved only for Administrators or Principals.

12.   Teachers assigned to New Directions in the Portsmouth Public School System routinely sought out Plaintiff to perform the daily duties required of a school Principal or Administrator.

13. Plaintiff used the title of Assistant Administrator in all of his correspondence with Portsmouth Public School leadership and on site at New Directions.

14. Plaintiff was held out by Portsmouth Public School leadership including the Principal/Administrator as an Assistant Principal/Administrator at New Direction.

15. In October 2016, only after Plaintiff asked to be compensated as an Assistant Principal/ Administrator as Defendant had promised in September 2015, did Defendant, through its Human Resources Director, direct Plaintiff via email to discontinue using the title of Acting Administrator.

16. Plaintiff possesses a Bachelor of Science degree and a Master's Degree in Educational Leadership completed in 2009 in a Portsmouth Public Schools/Regent University joint initiative in which Plaintiff after being recommended by his Principal was selected to attend.

17. Plaintiff is 61 years old.

18. Plaintiff is an experienced educator. Plaintiff has 20 years of pedagogical experience.

19. Since receiving his Master's Degree, Plaintiff has applied for at least 16 leadership positions. In every instance, a younger, less experienced teacher was hired with no explanation given to Plaintiff about the selection criteria and with no feedback as to why he was not selected or what he could do to improve his opportunity to be promoted.

20. In some instances, the Defendant hired teachers to leadership positions although they did not have the credentials and/or qualifications as required by the position posting at the time of hiring and Plaintiff met the qualifications and possessed the credential.

21. Defendant's method of selecting and promoting Assistant Principals, Principals, Dean of Students, and subject matter coordinators has resulted in an unfair denial of advancement opportunities to older workers and resulted in age discrimination to this Plaintiff. There is no indication that hiring decisions are made on any objective basis. It appears that decisions are made on a purely subjective basis. In the few instances where plaintiff has received an interview, no feedback was given on the selection criteria and why he was not chosen.

22. Plaintiff has applied for 8 positions within the last year and although he met the qualifications requirement for those positions, Plaintiff received no interviews and no feedback on why he was not interviewed.

23. Defendant's method of selecting candidates to be interviewed is a source of discrimination. Because of Plaintiff's age, he is not being selected to be interviewed for advancement opportunities and Defendant has no objective selection criteria.

24. Plaintiff has been employed with for Defendant for over 20 years. Plaintiff's record of employment is good during that period and indicates a consistent pattern on behalf of Plaintiff to improve himself and to establish his qualifications for advancement. Plaintiff's work record clearly indicates he is and was qualified to serve as an Assistant Principal, Assistant Administrator, or Subject Matter Coordinator. In fact, Plaintiff served in that capacity for a year without compensation. Yet, due to the inherently discriminatory system of promotion used and approved of by Defendant, Plaintiff was never made an Assistant Principal or Assistant Administrator over the last seven years of work for Defendant.

25. Due to Defendant's wrongful job advancement practice, Plaintiff was ignored for consideration as an Assistant Principal, while younger employees with less seniority credentials, and education, and with no higher qualification than Plaintiff, were being made Assistant Principals. Defendant utilized Plaintiff in a role as Assistant Principal with all the duties of an Assistant Principal for a year at New Direction Academy but without compensation.

26. On or about October 19, 2016, Plaintiff received notice in the form of a written letter pursuant to § 706(e) of Title VII (42 U.S.C.A. § 2000e-5(e)) from the EEOC which gave

Plaintiff notice of the right to institute civil action within 90 days after receipt of notice.

27. As a direct and proximate result of Defendant's acts, Plaintiff has suffered economic and other loss. Plaintiff has devoted a substantial portion of his work life to the employment of Defendant. Due to age, Plaintiff has lost all possibility of obtaining the rights which attached to seniority on management jobs and possible retirement benefits. Plaintiff has also suffered great economic harm in that for the seven (7) years he was employed by Defendant and met the qualifications for job advancement Defendant's job advancement policy resulted in a continuing discrimination, despite Plaintiff's efforts to achieve and advance.

28. Defendant's actions violated Title 29 of the Age Discrimination in Employment Act of 1967, § 623 (a) (1), (2), and (3) and (§ 623 (b).

29. When Plaintiff asked about being compensated for the work he performed, Defendant maliciously stripped Plaintiff of the title of Assistant Administrator in order to avoid compensating him and to humiliate him among the staff at the school causing Plaintiff substantial emotional distress.

30. When Plaintiff, inquired about his failure to receive any interviews or promotions, Defendant maliciously led Plaintiff to believe they were promoting him to Assistant Principal and Plaintiff agreed to leave a position where he was pleased to take this apparent and promised promotion.

31. Because of Defendant's malicious violations of the ADEA, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and the benefits associated with a higher wage.

32. Because of Defendant's malicious violations of the ADEA, Plaintiff has suffered and is suffering considerable mental distress.

## RELIEF

33. WHEREFORE, Plaintiff respectfully requests that the Court:

a. enjoin Defendant's continuing unlawful employment practice;

b. grant Plaintiff a judgment against Defendants' of $1,000,000 as damages in this case together with such other relief as the Court deems appropriate;

c. award Plaintiff a reasonable attorney's fee; and

d. award the Plaintiff costs and such other and further relief as appears just and equitable in the circumstances.

e. enter A declaratory judgement that Defendant violated the Age Discrimination in Employment Act of 1967;

f. award back pay, front pay, taking into account all interviewing cost of living adjustments and step increases, including pension contributions associated with the pay increases Plaintiff has lost by virtue of his being passed over for promotions;

g. award Compensatory damages in the amount of $1,000,000 under the ADA and 42 U.S.C. §1981a(b)(3)(D) for the emotional distress, embarrassment, and humiliation Plaintiff suffered and continues to suffer because of Defendant's discrimination and retaliation against him;

h. award Liquidated damages in the same amount as the other lost compensation awarded herein, for Defendant's willful age discrimination against Plaintiff, pursuant to the ADEA, 29 U.S.C. § 626(b)

i. award Prejudgment and postjudgment interest thereon, effective the dates of the violations, pursuant to the ADEA, 29 U.S.C. § 626;

j. award Reasonable costs and attorneys' fee pursuant to the ADEA, 29 U.S.C. § 626(b); and

k. award Such other and further relief as to the Court seems just and warranted.

## JURY TRIAL DEMAND

34. Plaintiff requests a jury trial on all issues of fact and damages arising herein.

By: _____
Don Scott
Virginia State Bar #88725
Attorney for Russell Drewrey
Law Office of Don Scott, PLLC
355 Crawford Street, Suite 602
Portsmouth, Virginia 23704
Telephone: (757) 673-001
Facsimile: (757) 673-0952

By: _____
Daymen Robinson
Virginia State Bar #66708
Attorney for Russell Drewrey
Law Office of Daymen W. X. Robinson, PC
5900 E. Virginia Beach Blvd, Suite 416
Norfolk, Virginia 23502
Telephone: (757) 200-0578
Facsimile: (757) 622-0091
daymenrobinson@gmail.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 18th day of January , 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Solomon H. Ashby, Jr., City Attorney
City of Portsmouth
801 Crawford Street
Portsmouth, VA 23704

 

_____
Don Scott, Esquire
Virginia State Bar #88725
Attorney for Russell Drewrey
Law Office of Don Scott, PLLC
355 Crawford Street, Suite 602
Portsmouth, Virginia 23704
Telephone: (757) 673-001
Facsimile: (757)673-0952
dscott@donscottfirm.com

_____
Daymen Robinson
Virginia State Bar #66708
Attorney for Russell Drewrey
Law Office of Daymen W. X. Robinson, PC
5900 E. Virginia Beach Blvd, Suite 416
Norfolk, Virginia 23502
Telephone: (757) 200-0578
Facsimile:  (757) 622-0091
daymenrobinson@gmail.com